Bean *v.* Smith.

## BEAN *v.* SMITH.

One whom the plaintiff had agreed to support, and to permit to have certain privileges in a house while the plaintiff owned it, is not for that cause incompetent to testify for him in an action of trespass, involving a question of the boundaries of the farm upon which the house is situated.

The possession of an agent is the possession of the principal, although the agent was also mortgagee, and might, had he chosen to do so, have held possession in that right.

Evidence that a former clerk of a proprietary once showed a book to the witness as the proprietors' record, and that the witness took minutes from it, to aid him in making surveys, is not sufficient to identify the book as such records.

TRESPASS, *quare clausum,* and for cutting and carrying off timber, and destroying timber on lot No. 10, in Conway, drawn to the original right of George Abbott, and called the Burbank farm, on the 16th of December, 1844.

The writ was dated February 8, 1845. It was admitted that the defendant owns lot No. 11, which adjoins the "Burbank farm," which is on lot No. 10; but whether the "Burbank farm" covers the whole of lot No. 10, and where the line is between these parties, was the question in issue, the defendant admitting the cutting, &c.

The plaintiff introduced Samuel Emerson, who is his father-in-law, who testified that when the plaintiff bought the farm, in 1838, it was under a mortgage, and the witness paid $570 towards the purchase money, and took an assignment of the mortgage as his security for the money advanced, and moved upon the farm about three years ago last spring, and the plaintiff went below to work; that since that time the witness has lived on the place, and superintended it for the plaintiff; that in January, 1845, he gave up to the plaintiff the mortgage, and in lieu of it, in consideration of the money by him so paid, the plaintiff gave him an obligation to support and maintain himself and wife, and let them have certain privileges in the house while the plaintiff should own the place.

To the competency of the witness the defendant objected, but the court admitted him. The defendant also contended that this testimony showed that the plaintiff was not in possession of the premises at the time of the cutting, &c., but the court overruled the objection.

The plaintiff then introduced a book and a plan, as the book of records and plan belonging to the proprietors of Conway; and called James Willey, who testified that one Richard Odell formerly acted as proprietors' clerk, and that the witness had called upon him to see the proprietors' records; and that Odell produced this book and plan as being the proprietors' record and plan, and that he had taken minutes from them, to aid him in surveying lands and running lines. It was admitted that Odell resided now in Maine, and did not now act as such clerk. To the admission of these as evidence the defendant objected, without other testimony to prove them. But the court admitted them.

The jury returned a verdict for the plaintiff, and the defendant moves to set it aside, and for a new trial, for the reasons appearing in the above case.

Bean *v.* Smith.

*J. Eastman* and *Hobbs*, for the plaintiff.

*Emerson* and *Lyford*, for the defendant.

GILCHRIST, J. The possession that Samuel Emerson had prior to January, 1845, under the plaintiff, might have interested him so far in the present issue as to have rendered him an incompetent witness to sustain the plaintiff's title; *Outram* v. *Morewood*, 3 East 346; but that possession has been determined by an assignment which divested him of all title to the land. His support was provided for without giving him any claim to the premises in controversy. The right to certain privileges in the house, if they amount to any thing more than a license determinable at the will of the plaintiff, does not appear to give him an interest in the question of the boundary lines of the farm, and cannot, therefore, disqualify him from testifying in an action relating solely to them.

The evidence very clearly shows that the plaintiff was in possession of the premises at the time of the alleged trespass. The possession of the witness was for the purpose of superintending it for the plaintiff. That he had a mortgage, and might have asserted a possession under it, did not affect the position which he occupied, since he did not in fact hold under his mortgage, but as a servant of the mortgagor.

There is no evidence that the book introduced as the proprietary record was such, except that a former clerk exhibited and the witness used it as such. No inference can be drawn from the fact that the witness used the book in the manner he described, except that he believed Mr. Odell's account of it. What Mr. Odell stated, he being still alive, is not evidence, but merely hearsay.

There are other means of proving the genuineness of such a book. From whose custody did it last come? In whose has it long been? Have parties acquiesced in

claims established by its contents ?   1 Gr. Ev., secs. 142, 483, 484.

The evidence on this point was insufficient to prove the book, and the verdict must, for that reason, be set aside and a

*New trial granted.*